# Supreme Court of the Navajo Nation

---

**Peter MacDonald Sr., et al., Petitioners,**
**v.**
**Honorable Robert Yazzie,**
**Judge of the Window Rock District Court, et al.,**
**Respondents.**
**Decided March 24, 1989**

---

## OPINION

Before TSO, Chief Justice, BLUEHOUSE and AUSTIN, Associate Justices.

Thomas Hynes, Esq., Farmington, New Mexico, for the Petitioners; and Stanley Pollack, Esq., Pamela S. Williams, Esq., and Violet A. Po Lui, Esq., Navajo Nation Department of Justice, Window Rock, Arizona, for the Respondents.

Per curiam.

After hearing oral arguments, and after studying the briefs and the applicable law, the Court files this decision.

### I

The petition for writ of prohibition filed in this Court seeks to prohibit the Honorable Judge Robert Yazzie, Judge of the Window Rock District Court, from exercising jurisdiction in the action titled *The Navajo Nation et al. v. Peter MacDonald Sr., et al.*, No. WR-CV-99-89 (*Navajo Nation v. MacDonald*). This suit seeks declaratory and injunctive relief.

Judge Yazzie entered a temporary restraining order against the defendants on March 22, 1989. A further hearing for a preliminary injunction is scheduled for 10:30 A.M. on March 24, 1989.

### II

The primary issue is whether an alternative writ of prohibition should be granted to prohibit the Window Rock District Court from exercising jurisdiction in *Navajo Nation v. MacDonald*.

A writ of prohibition is used essentially to test the jurisdiction of a court. *Yellowhorse v. Window Rock Dist. Ct.*, 5 Nav. R. 85 (1986); *Plummer et al. v. Honorable Judge Harry Brown II*, 6 Nav. R. 88, 89 (1989). A writ of prohibition will be issued as a matter of right if the lower court clearly has no jurisdiction. *Yellowhorse*, 5 Nav. R. at 87. In cases where it is not clear that the district court is without jurisdiction, we are inclined to deny the petition. *Yellowhorse*, 5 Nav.

R. at 86-87. Issuance of a writ of prohibition in such a situation is within the sound discretion of the Court. *Yellowhorse*, 5 Nav. R. at 86.

Petitioners argue that a writ should be issued because the Navajo Sovereign Immunity Act, 1 N.T.C. §§ 351 - 355 (Act), bars *Navajo Nation v. MacDonald.* Petitioners further argue that this case is exactly like *Plummer et al. v. Honorable Judge Harry Brown II*, 6 Nav. R. 88 (*Plummer*). On the other hand, Respondents argue that this case is not like *Plummer* because the defendants in *Navajo Nation v. MacDonald* are sued in their non-official capacities. Respondents argue that the defendants have *absolutely no* authority to act as Navajo Nation officials.

We agree with the Respondents. In *Plummer*, it was very clear that *MacDonald v. Plummer*, No. KY-CV-019-89, was against the Navajo Tribal Council as a body and against the council delegates performing legislative functions. All allegations in the *MacDonald v. Plummer* complaint were based upon actions taken by the Navajo Tribal Council and its delegates while engaged in legislative duties (debating and voting on resolutions). There was absolutely no doubt that the *MacDonald v. Plummer* suit was against the Navajo Nation. On the contrary, the named defendants in *Navajo Nation v. MacDonald*, No. WR-CV-99-89, have been sued because they are alleged to be exercising duties as Navajo Nation officials when they have absolutely no authority to do so. The clarity we found in the *MacDonald v. Plummer* suit is not present in *Navajo Nation v. MacDonald*.

Whether the Act applies is not determined by who the plaintiffs are, but by who the defendants are and in what capacity the defendants are acting. The Petitioners assert that the defendants are acting in non-official capacities. The defendants assert that they are acting in their official capacities. Whether the Act will bar *Navajo Nation v. MacDonald* depends upon a determination on in what capacity the defendants are acting. In addition, to answer the issue of whether the suit ultimately seeks relief against the Navajo Nation, the district court must make a determination on capacity. This determination requires fact finding, which this Court is not empowered to do.

The district court must make a decision on capacity after carefully reviewing documents, legal arguments, witness testimony, and possibly Navajo cultural and traditional factors, and the public interest in having the dispute resolved.

We exercise our discretion not to issue an alternative writ in this case. The parties have a further remedy of appeal available from the final decision of the district court.

The petition for an alternative writ of prohibition is denied. The district court hearing on the request for a preliminary injunction shall proceed as scheduled.